Chen v. Barr

BIA
A077 958 075

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

HAN CHEN, AKA JOHN HUYNH,
> *Petitioner,*

v.                                                          18-88
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Claire L.
                         Workman, Senior Litigation
                         Counsel; Don G. Scroggin, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Chen's August 2017 motion to reopen was untimely and also barred because it was his fourth motion to reopen, filed over 13 years after his June 2004 order of removal. Chen's motion to reopen was to apply to adjust status, but such an application does not provide any exception to the time and number limitations in the statute. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the [BIA]").

2

Although an equitable exception may apply where the movant demonstrates ineffective assistance of counsel, *see Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008), the BIA did not err in concluding that Chen failed to satisfy the procedural requirements for such a claim. Under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the movant must provide an affidavit detailing his agreement with former counsel, proof that he notified former counsel and the proper disciplinary authority of his allegations, and either evidence a disciplinary complaint was filed or explanation for not doing so. *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). Failure to substantially comply with the requirements constitutes forfeiture of an ineffective assistance claim. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46–47 (2d Cir. 2005). Chen submitted an affidavit alleging ineffective assistance and a copy of a letter informing his counsel of his allegations; however, he did not contact the proper disciplinary authorities or explain his reason for failing to do so. *See Matter of Lozada*, 19 I. & N. Dec. at 639. Accordingly, he forfeited his ineffective assistance claim. *See Jian Yun Zheng*, 409 F.3d at 46–47.

We dismiss the petition as to the only remaining basis for reopening because the BIA's decision not to reopen sua sponte is "entirely discretionary" and not subject to judicial review. *See* 8 C.F.R. § 1003.2(a); *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe,
                                          Clerk of Court

4